Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
Email: oatamoh@nevadafirm.com
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:    702/791-1912
*Attorneys for First Bank*

E-filed on: August 16, 2011

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE CHURCH AT SOUTH LAS VEGAS,<br><br>Debtor. | Case No. BK-S-11-20839-LBR<br>Chapter 11<br><br>**SUPPLEMENT TO OPPOSITION TO MOTION FOR ORDER DETERMINING THAT DESIGNATED CASH IS NOT PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 541 AND REQUEST FOR EVIDENTIARY HEARING**<br><br>Date of Hearing: August 24, 2011<br>Time of Hearing: 2:00 p.m.<br><br>Judge: Hon. Linda B. Riegle |

First Bank (the "Bank"), by and through its counsel, the law firm of Santoro, Driggs, Walch, Kearney, Holley & Thompson, hereby files this Supplement (the "Supplement") to the Bank's Opposition to Motion for Order Determining that Designated Cash is Not Property of the Estate Pursuant to 11 U.S.C. § 541 [Dkt. No. 45], filed August 10, 2011 (the "Motion"), in connection with the Motion for Order Determining that Designated Cash is Not Property of the Estate Pursuant to 11 U.S.C. § 541 [Dkt. No. 26], filed July 27, 2011, by The Church at South Las Vegas (the "Debtor", the "Church" or alternatively, the "Borrower"), the Debtor and Debtor-in possession in the above-captioned bankruptcy case.

This Supplement is made and based upon the following grounds and the following reasons: (1) in the Opposition, First Bank requested that to the extent the Court believes that there may be issues of fact regarding the Debtor's trust arguments, that the Court use the

scheduled hearing as a preliminary hearing/scheduling conference and set the matter over for an evidentiary hearing after the parties have had sufficient time to conduct discovery; and (2) the Debtor's Motion constitutes a proceeding to determine an interest in property requiring adjudication by way of an adversary proceeding pursuant to Bankruptcy Rule 7001(2), supporting First Bank's request for an evidentiary hearing to the extent the Court deems it necessary.

DATED this 16th day of August, 2011.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

_/s/ Richard L. Holley_

Richard F. Holley, Esq.
Nevada Bar No. 3077
Ogonna M. Atamoh, Esq.
Nevada Bar No. 7589
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for First Bank*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    LEGAL ARGUMENT

Rule 7001(2) of the Federal Rules of Bankruptcy Procedure provides that an action to "determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)" must be brought as an adversary proceeding.[1]

The Ninth Circuit Bankruptcy Appellate Panel in *In re Downey Regional Medical Center-Hospital, Inc.*, 441 B.R. 120, 127 (B.A.P. 9th Cir. 2010), analyzed the issue of whether an emergency motion constituted a proceeding to determine an interest in property that required an adversary proceeding, looking to Fed. R. Bankr. P. Rule 7001(2). On appeal, the Panel held that the bankruptcy court's decision not to require an adversary proceeding is subject to a harmless

---

[1] Rule 4003(d) of the Federal Rules of Bankruptcy Procedure governs a proceeding by the debtor to avoid a lien or other transfer of property exempt under section 522(f) of the Bankruptcy Code.

error analysis. Id. (citing Austein v. Schwartz (In re Gerwer), 898 F.2d 730, 734 (9th Cir.1990); In re Decker, 199 B.R. at 689). Under this standard, if the absence of an adversary proceeding did not cause prejudice, form should not be elevated over substance. Id. (citing Decker, 199 B.R. at 689). The Panel focused on the question of whether some procedural difference between contested matters and adversary proceedings prejudiced appellant. Id. The record before the Panel indicated that, even if viewed as erroneous, the bankruptcy court's decision resulted in no harm to the appellant.

In the present case, as long as the Bankruptcy Court affords First Bank an evidentiary hearing to the extent necessary for First Bank to conduct additional discovery, then First Bank will not be prejudiced by the Debtor's procedurally improper Motion instead of an adversary proceeding as proscribed by Rule 7001(2).

## CONCLUSION

Based upon the foregoing, the Bank requests that this Court deny the Motion for Order Determining that Designated Cash is Not Property of the Estate Pursuant to 11 U.S.C. § 541. To the extent the Court believes that there may be issues of fact regarding the Debtor's trust arguments, First Bank requests that the Court use the scheduled hearing as a preliminary hearing/scheduling conference and set the matter over for an evidentiary hearing after the parties have had sufficient time to conduct discovery in compliance with Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

Dated this 16th day of August, 2011.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

_____
Richard F. Holley, Esq. (NV Bar No. 3077)
Ogonna M. Atamoh, Esq. (NV Bar No. 7589)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone: 702/791-0308
Facsimile: 702/791-1912

*Attorneys for First Bank*

09290-01/773030.doc

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson, and that on the ___16th___ day of August, 2011, I caused to be served a true and correct copy of SUPPLEMENT TO OPPOSITION TO MOTION FOR ORDER DETERMINING THAT DESIGNATED CASH IS NOT PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 541 AND REQUEST FOR EVIDENTIARY HEARING in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

_____
An employee of Santoro, Driggs, Walch, Kearney, Holley & Thompson

09290-01/773030.doc